IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.B., on behalf of her minor child, K.E.,

    Plaintiff,

vs.

COACH DANNY CHARLEY, in his
individual capacity,

    Defendant.

Civ. No. 21-632 MV/SCY
(consolidated with Civ. No.
21-1032 MV/SCY)

### ORDER GRANTING IN PART AND TAKING UNDER ADVISEMENT IN PART MOTION TO STAY DISCOVERY, ORDER GRANTING OPPOSED MOTION FOR EXTENSION OF TIME, AND ORDER TO SUPPLEMENT

In these consolidated cases, Plaintiff alleges that Defendant Charley isolated K.E., a female football player; solicited her to engage in oral sex; and sexually assaulted her in the girl's locker room, in the equipment shed on the football field, and in a white van he used to transport only her and football equipment. Doc. 15 at 2-3.[1] Currently at issue is whether Defendant Charley is an incompetent person under Federal Rule of Civil Procedure 17(c) and whether a guardian ad litem ("GAL") should be appointed. The Court stays discovery as well as the time to respond to the pending motion for summary judgment until this primary issue can be decided. Because the Court lacks evidence whether Defendant is incompetent under Rule 17(c), the Court orders Defendant to supplement the record.

Case No. 21-632, the lead case, is brought against Coach Danny Charley in his individual capacity. Case No. 21-1032 is brought against the Board of Education of the Rio Rancho Public Schools. The Court has not held a Rule 16 scheduling conference in either case, due to the

---

[1] All citations are to documents in the lead case, No. 21-632, unless stated otherwise.

pendency of several motions. This Order addresses three motions filed in Case No. 21-632: Defendant Charley's Motion For Appointment Of Guardian Ad Litem For Defendant And Memorandum In Support, Doc. 20; Defendant Charley's Motion For Limited Stay Of Discovery As To Defendant And Memorandum In Support, Doc. 21; and Defendant Charley's Opposed Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment, Doc. 26.

Defendant Charley was indicted by a grand jury in state court on November 1, 2018 for one count of Child Solicitation by Electronic Communication Device and one count of Contributing to the Delinquency of a Minor. Doc. 21 at 2. These charges related to allegations in the current civil case. *Id.* On Defendant's motion, the state court ordered a competency evaluation. *Id.* at 3. The competency report and all related documents are sealed and shall not be disclosed "[a]bsent a Court Order." Doc. 21-4. After the results of the examination were disclosed to counsel, on June 22, 2021, the State of New Mexico dismissed the charges, stating: "The defendant has been found incompetent to stand trial and the state is unable to pursue dangerousness proceedings." Doc. 21-5.

On September 22, 2021, a Rio Rancho detective came to Defendant Charley's residence to question him regarding new allegations in the case. Doc. 21 at 3. The allegations were criminal sexual penetration of a minor, K.E. *Id.* No warrant had been issued and the detective left the residence at the request of Defendant Charley's attorney. *Id.* Apparently, there has been no further activity in this investigation. *See generally id.* at 3-4.

## I.  Request to Appoint a GAL and Stay Discovery

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is

2

unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The obligation imposed by this rule only "arises after a determination of incompetency." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). "If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied." *Id.* "[C]ourts interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)." *Graham v. Teller Cty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (some internal quotation marks omitted).

There has been no legal adjudication of incompetence in this case, but Defendant has certainly raised a question as to his competency given that a court-appointed forensic evaluator, Maxann Schwartz, PhD, examined Defendant and the result of this evaluation was a decision by the State of New Mexico that Defendant was incompetent to stand trial. The Court has no information as to the degree of Defendant's impairment or how that impairment might affect proceedings in this case. If Defendant Charley needs a GAL, the Court is hesitant to have him engage in discovery before that GAL is appointed. Therefore, the Court will stay discovery as to Defendant Charley in Case No. 21-632 pending the resolution of Doc. 20, Motion For Appointment Of Guardian Ad Litem.

The Motion to Stay Discovery is broader than that, however. Defendant moves to stay all discovery due to evidence of an ongoing criminal investigation, even though no charges against Defendant are pending and the State apparently dismissed its recent charges against Defendant

based on a determination that Defendant is incompetent to stand trial. Doc. 21 at 2-4. Plaintiff opposes the request to stay discovery, on the grounds that there are currently no parallel proceedings against Defendant Charley, and the possibility that criminal charges could be filed is not sufficient grounds to delay this civil case. Doc. 25 at 3-4. Because the Court is staying discovery pending the resolution of the Motion for Appointment of Guardian Ad Litem, the Court need not immediately resolve whether evidence of an ongoing criminal investigation independently justifies a stay of discovery. The Court takes this issue under advisement until after it decides whether to appoint a GAL for Defendant Charley.

## II.     Opposed Motion for Extension of Time To Respond

For the same reason the Court is hesitant to have Defendant Charley engage in discovery before a GAL is appointed (if he needs one), the Court is hesitant to order Defendant to defend the merits of the summary judgment motion Plaintiff has filed until the GAL issue is resolved. Therefore, the Court grants the Opposed Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment, Doc. 26. The time to file Defendant's response brief is temporarily stayed pending resolution of the Motion for Appointment of Guardian Ad Litem and the Motion to Stay Discovery.

## III.    Order To Supplement

As noted above, Defendant has moved to appoint a GAL due to a forensic report that no one in this case has seen. Defendant provides no other evidence to support a finding of incompetency under Rule 17(c). There has been no legal adjudication of incompetency and Defendant has not hired a psychologist to perform another evaluation. Although the Court does not doubt defense counsel's representations, it does not have the record of an incompetency finding before it. The Court needs additional evidence to determine whether to appoint a GAL and to what extent Defendant is competent to participate in these proceedings.

The forensic report in connection with the criminal case is sealed. Doc. 21-4. "Absent a Court Order, neither the enclosed Report nor its contents shall be disclosed." *Id.* In addition, the state court indicates that material from the report has been withheld pursuant to NRMA 5-602.1(H)(2), Doc. 21-4, which provides that "[p]rior to disclosure [to the defendant and to the state], the court shall excise any statements made by the defendant regarding the alleged crime or any other crime."

By state court rule, "[a] party or member of the public may move to unseal a sealed court record." NMRA 5-123(I)(1). "If the court grants the motion to unseal a court record, the order shall state whether the court record is unsealed entirely or in part. If the court's order unseals only part of the court record or unseals the court record only as to certain persons or entities, the order shall specify the particular court records that are unsealed, the particular persons or entities who may have access to the court record, or both." NMRA 5-123(I)(2). Thus, it appears that Defendant has the ability to move the state court to unseal the report, and related court records, for the limited purpose of access by Defendant's current counsel and for in camera review by the undersigned.[2] Absent this information, Defendant should provide some other evidence to support his request for a GAL.

Accordingly, Defendant is hereby ordered to supplement the record, for in camera review, with evidence supporting a finding of legal incompetency. That supplemental documentation may include, but is not limited to, court records, updated medical records, statements from treating physicians or psychiatrists, an independent evaluation from a psychiatrist, or the forensic report from the state criminal case. Defendant shall supplement the

---

[2] On the chance that the report contains information and statements made by the Defendant regarding the alleged offense or any other offense, the Court will review the evidence *in camera* and not require disclosure to Plaintiff at this time.

record or provide a status report on Defendant's efforts to supplement the record within 30 days of the date of this order.

## CONCLUSION

The Court GRANTS IN PART Defendant Charley's Motion For Limited Stay Of Discovery As To Defendant And Memorandum In Support, Doc. 21. The Court stays discovery in Case No. 21-632 pending decision on Defendant Charley's Motion For Appointment Of Guardian Ad Litem For Defendant And Memorandum In Support, Doc. 20. The request to stay discovery indefinitely, pending a criminal investigation, is taken under advisement.

The Court GRANTS Defendant Charley's Opposed Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment, Doc. 26. Defendant Charley's time to respond to Plaintiff's Motion for Summary Judgment (Doc. 23) is stayed pending full resolution of Motion For Limited Stay Of Discovery As To Defendant And Memorandum In Support, Doc. 21, and Motion For Appointment Of Guardian Ad Litem For Defendant And Memorandum In Support, Doc. 20.

The Court takes under advisement the Motion For Appointment Of Guardian Ad Litem For Defendant And Memorandum In Support, Doc. 20. Defendant is ordered to supplement the record with evidence as described above, or file a status report, within 30 days of this Order.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE